Filed 9/29/20  Conservatorship of M.H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person of M.H.. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>M.H.,<br><br>        Objector and Appellant. | A156598<br><br>(Contra Costa County Super. Ct. No. P0901010) |

This is an appeal from an order under the Lanterman-Petris-Short (LPS) Act (Welf. and Inst. Code, §§5000 et seq.)[1] reappointing the Contra Costa County Health Services Department conservator of the person for a one-year period that commenced in December 2018.  We dismiss the appeal as moot.

**BACKGROUND**

M.H. has suffered from mental illness for many years.  In 2009 he was found to be gravely disabled as a result of his mental disorder

---

[1] Unless otherwise noted, further statutory citations are to the Welfare and Institutions Code.

1

and a conservator was appointed pursuant to the LPS Act. Each year from 2010 through 2017, the Contra Costa County Health Services Department (the County) petitioned successfully under section 5361 for one-year renewals of the conservatorship due to M.H.'s continuing mental disability.

In October 2018, the County filed the reappointment petition at issue here. As before, it alleged M.H. remained gravely disabled within the meaning of section 5008, subdivision (h)(1)(A) in that his mental disorder rendered him unable to provide for his basic personal needs for food, clothing or shelter and he was either unwilling or unable to accept treatment voluntarily. The petition was supported by two physicians' attestations that M.H. was gravely disabled.

M.H. objected to the conservatorship and a jury trial on the petition was held on January 30 and 31, 2019. The jury found beyond a reasonable doubt that M.H. was gravely disabled due to a mental disorder. The conservatorship was reinstated effective December 8, 2018, with an expiration date of December 7, 2019. On February 8, 2019, M.H. filed a timely notice of appeal from the January 31 order reappointing the conservator.

In November 2019, the County filed a new petition to renew the conservatorship and reappoint the conservator. At a January 21, 2020 hearing M.H. accepted the reappointment of conservatorship for the one-year period starting December 8, 2019, "with all rights reserved, including the right to a jury trial," and the court found that he

2

remained gravely disabled as a result of his mental disorder. A review hearing was set July 21, 2020. [2]

## DISCUSSION

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 ["When no effective relief can be granted, an appeal is moot and will be dismissed"].) This is such a case. The one-year conservatorship period initiated by the January 31, 2019 order at issue on this appeal expired on December 7, 2019. On January 21, 2020, the court granted a new petition for reappointment of conservatorship effective December 8, 2019. The January 31, 2019 order thus lacks any remaining force and effect and, as its reversal would have no effect on the subsequent January 21, 2020 reappointment order, this appeal cannot provide M.H. with any effective relief. Accordingly, it is moot and must be dismissed.

---

[2] The parties have not provided this court with any information about the July 21 hearing.

We grant the County's request for judicial notice of the 2019 reappointment petition and the trial court's order granting the petition. (Evid. Code, § 452 subds. (c), (d); see *In re Karen G.* (2004) 121 Cal.App.4th 1384, 1390 [appellate court has the authority to consider post-judgment events in determining whether an appeal has become moot].) The County's motion to take additional evidence is denied.

3

## DISPOSITION

The appeal is dismissed.

_____

                                Siggins, P.J.

WE CONCUR:

_____

Fujisaki, J.

_____

Petrou, J.

*Conservatorship of M.H.*, A156598